# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAMARIO SEARS,

                Petitioner,

v.

STATE OF NEVADA,

                Respondent.

Case No. 2:19-cv-01634-RFB-DJA

**ORDER**

Petitioner Lamario Sears is a pretrial detainee who submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1). He has not properly commenced this habeas action by either paying the standard $5 filing fee or submitting an application for leave to proceed *in forma pauperis* ("IFP") with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1] However, rather than ordering Sears to submit the required form and supporting documents, the Court dismisses the petition as improperly commenced based on the multiple substantial defects explained in this Order.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts,[2] the assigned judge must examine the habeas petition and order a response unless it "plainly appears" the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory,

---

[1] To proceed in a civil action without paying the $5 filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a detainee must submit the Court's form IFP application for incarcerated litigants. Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a detainee's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing § 2254 Cases in the United States District Courts.

palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). The Court may also dismiss claims at screening for procedural defects. See Boyd, 147 F.3d at 1128.

Sears is charged in a Grand Jury Indictment returned on January 17, 2019, in the Eighth Judicial District Court for Clark County, Nevada ("state court"). State of Nevada v. Sears, Case No. C-19-337484-1.[3] The Indictment alleges three felony charges: counts one and two – battery resulting in substantial bodily harm; and count three – coercion. *Id.* Sears is currently detained at the Clark County Detention Center. (ECF No. 1-1 at 1.)

Sears' Petition brings a pretrial challenge to the constitutionality of the charges alleged in the Indictment pursuant to 28 U.S.C. § 2241. (Id. at 6–8.) He alleges four grounds for relief: (1) the coercion charge violates his due process rights under the Fourteenth Amendment because the Grand Jury transcripts indicate that no evidence was presented; (2) all relevant evidence and testimony was not presented to the Grand Jury and the prosecution withheld evidence, in violation of the Eighth Amendment's prohibition of cruel and unusual punishment as well as his due process and equal protection rights under the Fourteenth Amendment; (3) the Indictment omits the fact that medical records disprove an alleged victim's injuries, in violation of his due process and equal protection rights under the Fourteenth Amendment; and (4) the prosecution failed to show the Grand Jury that a victim was most likely injured by another victim, which violates his due process and equal protection rights under the Fourteenth Amendment. (Id. at 6–8.) The request for relief seeks a full review of the evidence in a preliminary hearing or evidentiary hearing. (Id. at 8.)

The Petition is subject to multiple substantial defects. First, Sears has not named a proper respondent. Litigants may not proceed in federal court—even in a habeas action—against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. E.g., Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100–01 (1984). Habeas Rule 2(a) states that, when a petitioner is "in custody under a state-court judgment, the petition must

---

[3] This Court takes judicial notice of the proceedings in Sears's criminal case in the state court. The register of actions shows that trial is set for March 9, 2020. The docket records of the state court may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

name as respondent the state officer who has custody."[4] Failure to name the proper respondent strips the district court of personal jurisdiction. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Sears has named the State of Nevada as the respondent. That is incorrect. Thus, as submitted, the Court lacks jurisdiction over the petition from the very outset.

Second, the Petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The Younger abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013) (emphasis added); Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. Younger, 401 U.S. at 46.

Third, Sears has not alleged or demonstrated that he fully exhausted his state court remedies. A criminal defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. E.g., Arevalo v. Hennessy, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 731 (1991). As a general

---

[4] The "state officer" is typically the warden of the prison or detention facility. However, the Court expresses no opinion as to the proper respondent in this context. See Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. E.g., Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Carden v. Montana, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Sears is challenging the constitutionality of the charges alleged in the Indictment pending before the state court. (ECF No. 1-1.) To the extent that he alleges limitations on his due process or equal protection rights based on an erroneous Indictment, his situation is not different in substance from any criminal defendant facing potential loss of constitutional rights in a pending criminal prosecution— including the fundamental right to liberty. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence and not an extraordinary circumstance. In addition, Sears' pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. For these reasons, abstention is required.

Given the multiple substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. Petitioner Lamario Sears' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1) is DISMISSED without prejudice as improperly commenced.
2. A Certificate of Appealability is DENIED, as jurists of reason would not find dismissal of the Petition to be debatable or wrong.
3. The Clerk of Court is instructed to close this case and enter judgment accordingly, dismissing this action without prejudice as improperly commenced.

///

///

///

4. Sears may not file any further documents in this closed case, save and except for a motion seeking reconsideration of this Order or relief from the judgment entered. Any further filings or requests for relief must be presented in a new case with a new case number.

DATED this 4th day of November, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE